# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00097-MR

| | |
|---|---|
| OSCAR PEREZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TROY A. MORRISON, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 20] and on the Plaintiff's Motion to Reconsider a Preliminary Injunction or Temporary Restraining Order [Doc. 23].

**I.  BACKGROUND**

The incarcerated Plaintiff, proceeding pro se, filed this civil rights action addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1]  The Complaint passed initial review on claims of retaliation and due process violations related to security risk group (SRG) designations and

---

[1] According to the Plaintiff, he was transferred to North Carolina Department of Public Safety (NCDPS) from the Indiana Department of Corrections on February 11, 2020 pursuant to the Interstate Corrections Compact. [Doc. 20 at 4].

restricted housing against Defendant Troy A. Morrison,[2] an SRG officer. [Docs. 1, 12]. The Plaintiff was granted leave to amend and the Court granted him an extension of time to file an Amended Complaint. [Doc. 12; see April 6, 2022 text-only Order]. The Amended Complaint is now before the Court for initial review. [Doc. 20].

The Plaintiff names Morrison and "unknown prison officials" as Defendants. [Id. at 1]. He raises claims of retaliation, interference with the mail, denial of access to the courts, and due process violations. The Plaintiff seeks compensatory, nominal, and punitive damages, a declaratory judgment, injunctive relief, and a jury trial. [Id. at 15].

The Plaintiff has also filed a Motion asking the Court to reconsider its denial of preliminary injunctive relief directed to prison staff's allegedly retaliatory and harassing conduct. [Doc. 23].

## II. STANDARD OF REVIEW

Despite the Plaintiff's payment of the filing fee, the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief

---

[2] "Mr. Morrison/SRG Officer" in the Complaint. [Doc. 1 at 1]. The Clerk will be directed to correct the Defendant's name in the Court's record.

may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Parties

The Plaintiff names "unknown prison officials" as Defendants, and the body of the Complaint contains numerous vague terms such as "prison officials" [Doc. 20 at 2-3, 9, 12] and "investigators" [id. at 5].

3

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff's allegations are vague and he has provided no information from which the Court can conclude that he would likely be able to identify the "unknown prison officials" through discovery. Accordingly, the "unknown prison officials" will be dismissed as Defendants without prejudice.

### B. Retaliation

The Plaintiff reiterates his claims that Officer Morrison retaliated against him for exercising his First Amendment rights. [Doc. 20 at 2-3, 7-9]. These claims pass initial review for the same reasons described in the Order on initial review of the Complaint. [See Doc. 12 at 4-5].

4

## C. Due Process

The Plaintiff again claims that Defendant Morrison improperly confiscated his mail and legal documents, imposed SRG restrictions, and placed him on restricted housing without due process. [See Doc. 20 at 3-4]. He also appears to claim that he was denied access to the prison grievance procedure, or that his attempts to obtain relief through the grievance system were unsuccessful. [Id. at 6].

As explained in the Order on initial review of the Complaint, the Plaintiff has minimally stated a claim that Defendant Morrison violated his due process rights with regard to SRG and restricted housing, but he has failed to state a claim with regard to the alleged deprivations of property. [Doc. 12 at 6-10]. To the extent that the Plaintiff complains about the prison grievance procedure, this fails to state a claim because "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Therefore, the due process claim with regards to SRG and restrictive housing have passed initial review, and the Plaintiff's other due process claims are dismissed.

5

### D. Interference with Mail

The Plaintiff again alleges that Officer Morrison interfered with his mail. [Doc. 20 at 3, 9-11]. This claim is dismissed for the reasons discussed in the Order on initial review of the Complaint. [Doc. 12 at 10-11].

### E. Access to the Courts

The Plaintiff reiterates his claims about lack of access to the courts. [Doc. 20 at 11-12]. He further alleges that Defendant Morrison's actions, and the resulting mail delays, made him unable to meet filing deadlines in a § 1983 case in the U.S. District Court for the Southern District of Indiana, Case No. 2:20-cv-22-JRS-DLP. He alleges that this prompted the Indiana Court to recruit counsel to assist the Plaintiff such that the Plaintiff "lost the ability to litigate his own case."[3] [Id. at 12-13]. The Plaintiff has failed to state a claim for the denial of access to the courts for the reasons discussed in the Order on initial review of the Complaint. [Doc. 12 at 11-12].

---

[3] A review of the record in Case No. 2:20-cv-22 reveals that the Plaintiff moved for the appointment of counsel [2:20-cv-22, Doc. 15], which the Court denied [Id., Doc. 16]. However, the Court provided the Plaintiff a form to request the Court's assistance with recruiting counsel, which the Plaintiff completed and filed. [Id., Docs. 16, 52]. The Court ultimately granted the Plaintiff's request for assistance, and two recruited lawyers have now appeared in the case. [Id., Docs. 118, 125, 128, 129]. A jury trial is scheduled to commence in that case on January 3, 2023. [Id., Doc. 150].

6

Case 5:21-cv-00097-MR   Document 25   Filed 08/16/22   Page 6 of 8

### F. Motion for Reconsideration

The Plaintiff has filed a Motion asking the Court to reconsider its denial of preliminary injunctive relief. [Doc. 23]. He claims that, since Defendant Morrison waived service in this case, he has retaliated against the Plaintiff by ordering him to be searched, and by having other staff members harass and intimidate him. He specifically notes an incident where he was strip searched for "suspicious activity" on June 22, 2022, which yielded a butter packet, a pen, and a food menu. [Doc. 23 at 2]. He asks the Court to issue a preliminary injunction preventing Defendant Morrison from retaliating against the Plaintiff, interfering with his access to the courts, or from investigating, searching, or confiscating anything from the Plaintiff, such that Morrison cannot fabricate charges against him. The Plaintiff's request for preliminary injunctive relief is denied for the reasons set forth in the Order on initial review of the Complaint. [Doc. 12 at 12-13]. The Plaintiff has failed to state any grounds that would warrant reconsideration of the earlier denial of preliminary injunctive relief and, accordingly, the Motion to Reconsider is denied.

### IV. CONCLUSION

In sum, the Plaintiff's § 1983 claims for retaliation and violating due process with regards to SRG and restricted housing have passed initial

7

review against Defendant Morrison. The remaining claims are dismissed without prejudice. The Plaintiff's Motion to Reconsider is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Amended Complaint [Doc. 20] has passed initial review against Defendant Morrison for retaliation and violating due process with regards to SRG and restricted housing.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff's Motion to Reconsider a Preliminary Injunction or Temporary Restraining Order [Doc. 23] is **DENIED**.

The Clerk of Court is respectfully instructed to substitute Troy A. Morrison for "FNU Morrison" in the Court's record, terminate "John and Jane Does" as Defendants, and mail the Plaintiff a copy of this Order.

**IT IS SO ORDERED.** Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge