IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:21-cv-00097-MR

| | | |
|---|---|---|
| OSCAR PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TROY A. MORRISON, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motion Requesting Access to Attorney Eyes Only Materials and Information or Request to Change Designations [Doc. 35], Motion Requesting Appointment of Counsel [Doc. 38], and Motion to Dismiss Due Process Claims as to Restricted Housing [Doc. 40].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Amended Complaint passed initial review against Defendant Morrison for retaliation, and for violating due process by imposing Security Risk Group (SRG) restrictions on him and by placing him in restrictive housing. [Doc. 25]. After the Defendant filed an Answer [Doc. 24], the Court entered a Pretrial Order and Case Management Plan appointing

North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery and making the discovery and dispositive motions due on December 12, 2022 and January 9, 2023, respectively. [Doc. 26]. The Court subsequently extended the discovery and dispositive motions deadlines to February 13, 2023 and May 12, 2023, respectively. [See Jan. 13, 2023 and April 14, 2023 Text-Only Orders]. After assisting the Plaintiff with discovery, NCPLS withdrew from the representation without filing any discovery motions. [See Docs. 33, 34, 39].

The Plaintiff asks the Court to appoint counsel to represent him, arguing that he has had "increasing issues" at Alexander CI with "maintaining legal materials"; that he has been "targeted by staff" for placement in restrictive housing; that he does not have access to the law library tablet system and his books and notes have been placed in storage; that he lost phone communication with his family who assist him with litigation; that these retaliatory acts are not happening to other inmates; and that the Plaintiff is not being allowed to see "attorney's eyes only" information. In the event that the Court declines to appoint an attorney to represent him, he requests to be transferred to another prison. [Doc. 38].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional

2

Case 5:21-cv-00097-MR   Document 43   Filed 04/25/23   Page 2 of 5

circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and this Motion will be denied.

In his Motion to Dismiss [Doc. 40], the Plaintiff asks the Court to dismiss the due process claims relating to his placement in restrictive housing, but to maintain the due process claims that relate to SRG. The Defendant consents to the Motion. [See Doc. 42]. The Plaintiff's due process claim with regard to restrictive housing is granted and that claim is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

The Plaintiff filed the Motion Requesting Access to Attorney Eyes Only Materials and Information or Request to Change Designations [Doc. 35] three days before discovery closed on February 10, 2023.[1] He asks the Court to allow him to either view discovery materials that are marked "attorney's eyes only" or to redesignate those materials as general confidential information. The Defendant opposes this Motion because the

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

3

Case 5:21-cv-00097-MR   Document 43   Filed 04/25/23   Page 3 of 5

information he seeks is privileged and irrelevant to his claims. [Doc. 36]. The Plaintiff did not reply, and the time to do so has expired.

The Plaintiff does not certify in the Motion that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of the Motion. See Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Moreover, the Defendant has carried his burden to establish that the materials at issue are privileged and irrelevant to the Plaintiff's claims. See generally Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995); Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010). The Plaintiff's Motion is, therefore, denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion Requesting Access to Attorney Eyes Only Materials and Information or Request to Change Designations [Doc. 35] is **DENIED**.

2. The Plaintiff's Motion Requesting Appointment of Counsel [Doc. 38] is **DENIED**.

3. The Plaintiff's Motion to Dismiss Due Process Claims as to Restricted Housing [Doc. 40] is **GRANTED,** and the Plaintiff's due process claims with regards to restrictive housing are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: April 25, 2023

Martin Reidinger
Chief United States District Judge